# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

*Electronically Filed*

| | |
|---|---|
| PAPA JOHN'S INTERNATIONAL, INC., | |
| Plaintiff, | |
| v. | Case No: 3:16-CV-556-DJH |
| PRB I, LLC, | |
| KENNETH ANTOS AND SHEILA ANTOS, | **COMPLAINT** |
| KCI INVESTMENTS, LLC, | |
| KCI HOLDING I, LLC, | |
| And | |
| PREFERRED RESTAURANT BRANDS, INC. F/K/A DIXIE FOODS INTERNATIONAL, INC., | |
| Defendants. | |

*** *** *** *** ***

Plaintiff Papa John's International, Inc. ("Papa John's"), for its Complaint against Defendants PRB I, LLC ("PRB"), Kenneth Antos, Sheila Antos, KCI Investments, LLC, KCI Holding I, LCC, and Preferred Restaurant Brands, Inc. f/k/a Dixie Foods International, Inc. (collectively, "Guarantors"), states as follows:

1

## PARTIES

1. Papa John's is a Delaware Corporation with its principal office located at 2002 Papa John's Blvd., Louisville, KY 40299.

2. PRB is a Nevada limited liability company located at 5148 Spanish Heights Dr., Las Vegas, NV 89148. Upon information and belief, the members of PRB include the following: Kenneth Antos, a citizen of Nevada; Lance Garrick, a citizen of Nevada; and Donald Porges, a citizen of Florida.

3. Kenneth Antos and Sheila Antos are citizens of Nevada residing in Las Vegas, Nevada at 5148 Spanish Heights Drive, Las Vegas, NV 89148.

4. KCI Investments, LLC is Nevada limited liability company located at 4033 S. Dean Martin Dr., Las Vegas, NV 89103. Upon information and belief, the members of KCI Investments include the following: Kenneth Antos, a citizen of Nevada, and Donald Porges, a citizen of Florida.

5. KCI Holding I, LLC is a Delaware limited liability company located at 4033 S. Dean Martin Drive, Las Vegas, NV 89103, whose membership is unknown.

6. Preferred Restaurant Brands, Inc. f/k/a Dixie Foods International, Inc. is a Florida corporation located at 4033 S. Dean Martin Drive, Las Vegas, NV 89103. Upon information and belief, the members of Preferred Restaurant Brands include the following: Kenneth Antos, a citizen of Nevada; Donald Porges, a citizen of Florida; Mike Liu, a citizen of Nevada; Herb Press, a citizen of Nevada; Gary Robichaux, a citizen of Nevada; and Gary Smith, Jr., a citizen of Nevada.

7. At all relevant times, PRB operated Papa John's franchises, six of which are relevant to this dispute. The relevant stores are located in California.

8. Guarantors agreed to unconditionally guaranty the debts of PRB, and are thus jointly and severally liable for the past due amounts that PRB owes to Papa John's.

**JURISDICTION AND VENUE**

9. Subject matter jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332, as complete diversity of citizenship between the parties exists, including the individual members of the LLCs, and the amount in controversy far exceeds $75,000, exclusive of interest and costs.

10. This Court has personal jurisdiction over PRB and Guarantors and venue lies in this Court because, pursuant to the terms of Sections 23(a) and (c) in the Papa John's Franchise Agreements ("Franchise Agreements") at issue, PRB and Guarantors agreed: (1) that any controversies, disputes, or claims related to debt collection alleged by either party is excepted from binding arbitration; (2) that any such action must be brought in a judicial proceeding; (3) that all judicial actions must be brought exclusively in a court of competent jurisdiction in Jefferson County, Kentucky or Federal District Court for the Western District of Kentucky, Louisville Division; and (4) that PRB and Guarantors have waived any objection to the jurisdiction or venue in such courts upon signing the Franchise Agreements.

11. Venue is also appropriate pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to Papa John's claims occurred within this district.

**FACTS**

12. In November and December of 2014, PRB entered into four Franchise Agreements with Papa John's and began operating Papa John's franchise stores #4536 in Fresno, #4539 in Rocklin, #4542 in Roseville, and #4543 in Roseville, California.

13. On February 18, 2015, PRB entered into an Authorization to Transfer ("Transfer Agreement") with Papa John's and PJ Fresno Enterprise, Inc. ("PJ Fresno") in which PJ Fresno transferred two of its Papa John's franchise stores to PRB. A copy of the Transfer Agreement is attached hereto as **Exhibit A**.

14. In the Transfer Agreement, PRB agreed to assume PJ Fresno's remaining rights and obligations under PJ Fresno's Franchise Agreement with Papa John's to acquire Papa John's store #3563 in Clovis, California and store #4125 in Fresno, California.

15. All six Franchise Agreements are in relevant part identical and represent Papa John's standard form for franchise agreements. A copy of the form Franchise Agreement is attached hereto as **Exhibit B**.

16. The Franchise Agreements provided in Section 19(d) that the failure of a franchisee to cure a violation of any term, including the failure to make payment on its accounts, within fifteen (15) days constituted a material breach under the Franchise Agreements.

17. On September 9, 2014, KCI Investments, LLC, KCI Holding I, LLC, Kenneth Antos and Preferred Restaurant Brands, Inc. f/k/a Dixie Foods International, Inc. signed an Owner Agreement, in which they personally and unconditionally guaranteed the punctual payment when due of all sums, indebtedness, and liabilities of every kind and nature that PRB might owe in the present or future to Papa John's or any member of the Papa John's Group. This guaranty included payment of interest, attorneys' fees, costs, and expenses incurred by any member of the Papa John's Group while collecting from PRB or Guarantors. A copy of the Owner Agreement is attached hereto as **Exhibit C**.

18. On March, 12, 2014, Kenneth and Sheila Antos also signed an Owner Agreement, in which they personally and unconditionally guaranteed the punctual payment when due of all sums, indebtedness, and liabilities of every kind and nature that PRB might owe in the present or future to Papa John's or any member of the Papa John's Group. This guaranty included payment of interest, attorneys' fees, costs, and expenses incurred by any member of the Papa John's Group

while collecting from PRB or Guarantors. A copy of the Owner Agreement is attached hereto as **Exhibit D**.

19. The unconditional guaranty signed by Guarantors rendered each of them jointly and severally liable for the payment, not the collection, of PRB's past due amounts.

20. On September 15, 2015, Papa John's sent PRB a demand letter, specifying that PRB was thereby put on default notice due its failure to promptly pay past due amounts to Papa John's in the amount of $90,014.76 as required under the terms of the Franchise Agreements governing its franchise stores. A copy of the letter is attached hereto as **Exhibit E**.

21. In its September 15, 2015 demand letter, Papa John's cautioned Defendant Kenneth Antos that if PRB did not pay its past due balance of $90,014.76 within fifteen (15) days of receipt of this letter, PRB's Franchise Agreements would be terminated, and PRB would be required to comply with the post-termination provisions set forth in Section 20 of the Franchise Agreements.

22. PRB did not pay the full balance of its account to Papa John's within fifteen (15) days pursuant to the demand letter and Section 19(d) of the Franchise Agreements.

23. On November 16, 2015, Papa John's sent PRB a demand letter stating that three of PRB's Franchise Agreements with Papa John's were terminated in their entirety pursuant to Section 19(b)(i) of the Franchise Agreements. These stores included #4539 in Rocklin, #4542 in Roseville, and #4543 in Roseville. A copy of the letter is attached hereto as **Exhibit F**.

24. Papa John's further stated that the termination resulted from PRB's abandoning and ceasing to operate these franchise outlets since November 6, 2015 at the latest.

25. On November 16, 2015, Papa John's sent a second demand letter to PRB asserting that if PRB did not pay its past due balance of $164,940.00 within fifteen (15) days of receipt of this letter, PBR's three remaining Franchise Agreements would be terminated, and PRB would be

required to comply with the post-termination provisions set forth in Section 20 of the Franchise Agreements. The balance of PRB's account had increased due to additional items and fees assessed to its account. A copy of the letter is attached hereto as **Exhibit G**.

26. PRB failed to pay its past due amounts totaling $164,940.00 within fifteen (15) days of receipt of the default notice, and Papa John's terminated PRB's three remaining Franchise Agreements in their entirety. These stores included #3563 in Clovis, #4125 in Fresno, and #4536 in Fresno.

27. On December 8, 2015, Papa John's sent PRB and all Guarantors a demand letter, asserting that PRB owed Papa John's substantial sums in the amount of $183,622.87, and that under the Papa John's Owner Agreement, each Guarantor was jointly and severally liable for the payment of PRB's past due amounts. The balance of PRB's account had again increased due to additional items and fees assessed to its account. A copy of one of the letters is attached hereto as **Exhibit H**.

28. PRB and Guarantors failed to promptly tender the full amount of the sums owed to Papa John's within 30 days following termination of its six Franchise Agreements pursuant to Section 20(a)(vi) of the agreements.

29. PRB and Guarantors are in default under each Franchise Agreement corresponding to the six Papa John's franchise stores that PRB formerly operated.

30. Since sending the December 1, 2015 demand letter, Papa John's has assessed the balance of PRB's account at $184,590.39 plus interest.

## COUNT ONE
### Breach of Contract

31. Papa John's hereby restates and incorporates each and every allegation set forth above as if fully set forth herein.

32. The Franchise Agreements are binding and enforceable contracts.

33. PRB and Guarantors are required to make payment of all due amounts pursuant to Sections 3(e) and 19(d) of the Franchise Agreements and in accordance with such terms at the time they were executed.

34. As a franchisee, PRB had an affirmative contractual obligation to pay Papa John's all amounts owed to Papa John's as required by the terms of the Franchise Agreements.

35. As Guarantors, Kenneth and Sheila Antos, KCI Investments, LLC, KCI Holding I, LLC, and Preferred Restaurant Brands, Inc. f/k/a Dixie Foods International, Inc. have affirmative contractual obligations to pay Papa John's all amounts owed to Papa John's as required by the terms of the Franchise Agreements.

36. As the non-breaching party, Papa John's is entitled to enforce the terms of the Franchise Agreements and thereby require PRB and Guarantors to promptly pay all past due amounts pursuant to Section 20(a)(vi) of the Franchise Agreements.

37. PRB and Guarantors failed to pay Papa John's as required by the terms of the Franchise Agreements.

38. PRB and Guarantors' failure to pay Papa John's as required by the terms of the Franchise Agreements constitutes a default under the terms of the Franchise Agreements.

39. Papa John's has made repeated demands for payment pursuant to the terms of the Franchise Agreements, but PRB and Guarantors have failed to tender the amounts owed in breach of the terms of the Franchise Agreements.

40. As a direct and proximate result of PRB and Guarantors' breach of the terms of the Franchise Agreements, Papa John's has been injured, for which it has a right to be compensated by an award of damages and/or specific performance of the terms of the Franchise Agreements.

41. Specifically, the willful refusals of PRB and Guarantors to tender within thirty (30) days the unpaid balance on its accounts, together with all accrued and unpaid interest thereon, entitles Papa John's to an order directing PRB and Guarantors to immediately make payment pursuant to Section 20(a)(vi) of the Franchise Agreements.

### COUNT TWO
### Action on Account

42. Papa John's hereby restates and incorporates each and every allegation set forth above as if fully set forth herein.

43. PRB and Guarantors owe Papa John's the amount of $184,590.39, plus additional damages for attorneys' fees, service charges, and costs of collection which continue to accrue.

44. A true and accurate copy of the amounts owed to Papa John's as a result of the account at issue is attached as **Exhibit I.**

**WHEREFORE**, Plaintiff Papa John's demands the following:

    A.    Judgment against Defendants PRB I, LLC, Kenneth Antos, Sheila Antos, KCI Investments, LLC, KCI Holding I, and Preferred Restaurant Brands, Inc. f/k/a Dixie Foods International, Inc., in the sum of $184,590.39 plus accrued but unpaid interest as of August 19, 2016, and accruing daily thereafter;

    B.    An award of pre-judgment and post-judgment interest as allowed by law;

    C.    Plaintiff's costs of collecting the debt, including expenses and reasonable attorneys' fees pursuant to Sections 20(a)(vi)-(vii) of the Franchise Agreements; and

    D.    Any and all other relief to which Plaintiff may be entitled.

Respectfully submitted,

**FROST BROWN TODD LLC**

*/s/ Peter M. Cummins*
Peter M. Cummins
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
Tele: (502) 589-5400
Fax: (502) 581-1087
pcummins@fbtlaw.com

*Counsel for Plaintiff Papa John's International, Inc.*